### DONNER v. MERCY et al.

(Supreme Court, Appellate Division, First Department. March 13, 1903.)

1. ATTACHMENT—PROPERTY HELD BY THIRD PERSON—CERTIFICATE OF DEFENDANT'S INTEREST—REFUSAL TO GIVE.

Under Code Civ. Proc. § 651, relating to attachments, and providing that if any person, to whom application is made for a certificate as to defendant's property in his hands, refuses to give such a certificate, or if it is made to appear by affidavit that there is reason to suspect that the certificate given is untrue, the court may order him to attend at a specified time and submit to an examination, etc., it is not necessary, in order to secure the examination of a person who refuses to give a certificate, to show that he has property in his hands which would be subject to levy.

2. SAME—AFFIDAVIT—SUFFICIENCY.

An affidavit of the deputy sheriff that he "duly effected service of such warrant of attachment on said J." (the person refusing to give the certificate), giving the place and time of the service, sufficiently alleges service of the warrant.

3. SAME—RIGHT TO DEMAND CERTIFICATE.

Under Code Civ. Proc. § 650, providing that, on the application of a sheriff holding a warrant of attachment, a debtor of the defendant, or a person holding property belonging to him, must furnish to the sheriff a certificate, specifying the amount and description of the property, etc., the right of the sheriff to demand the certificate does not depend on service of the warrant.

4. SAME—AFFIDAVIT—SUFFICIENCY.

An affidavit of the sheriff that the person of whom the certificate was demanded failed to give a certificate to the effect that he did not hold any property of the defendant, or for the benefit of defendant, is insufficient, as for all that appears therefrom he may have given a certificate specifying what property he had which belonged to defendant.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Action by Phillip C. Donner against Meyer Mercy, in which an order was obtained requiring Lazor Jacobsohn to appear for examina-

tion concerning the property of the defendant. From an order denying a motion to vacate the said order, said Jacobsohn appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henry W. Unger, for appellant.
Herbert H. Maas, for respondent.

INGRAHAM, J. On the 2d day of January, 1903, a warrant of attachment against the property of the defendant was issued and delivered to the sheriff. Upon an affidavit of the sheriff that he had duly effected service of such warrant of attachment on one Lazor Jacobsohn, in the city of New York, and that said Jacobsohn did not furnish the sheriff with a certificate to the effect that he did not hold any property belonging to the defendant, or for his benefit, though such certificate was duly demanded, an order was granted requiring Jacobsohn to appear for examination before a Justice of the Supreme Court under section 651 of the Code of Civil Procedure. That section provides that if a person to whom an application is made for a certificate as to the defendant's property in his hands—

"Refuses to give such a certificate, or if it is made to appear by affidavit to the satisfaction of the court, or a judge thereof, or the county judge of the county to which the warrant is issued, that there is reason to suspect that the certificate given by him is untrue, or that it fails fully to set forth the facts required to be shown thereby, the court or judge may make an order directing him to attend at a specified time, and at a place within the county to which the warrant is issued, and to submit to an examination under oath concerning the same."

Where a person refuses to give any certificate, it is not necessary, in order to secure the examination of such person, to show that the person sought to be examined has property in his hands which would be subject to a levy under the attachment. It is only where a certificate is given that the plaintiff must present to the court evidence to show that the certificate is untrue. The appellant criticises the affidavit of the sheriff upon the ground that there is no legal proof showing that a certificate was demanded from the appellant, or that he refused to give one to the sheriff. The allegation of the deputy sheriff is that he—

"Duly effected service of such warrant of attachment on said Lazor Jacobsohn at No. 260 Grand street, borough of Manhattan, city of New York, between two and three o'clock in the afternoon of Friday, January 2d, 1903."

This is the allegation of a fact. It is positive in form, stating the time and place of such service, and, we think, a sufficient allegation of the service of the warrant of attachment.

The right of the sheriff, however, to demand a certificate, under section 650 of the Code, does not depend upon the service by him of the warrant of attachment, or a levy under the attachment. That section provides that, upon the application of a sheriff holding a warrant of attachment, a debtor of the defendant, or a person holding property belonging to him, must furnish to the sheriff a certificate specifying the amount, nature, and description of the property held

for the benefit of the defendant, or of the debt or demand owing to the defendant, as the case may require. By section 651 of the Code, a person refusing such a certificate must submit to an examination. To entitle the plaintiff to the examination, however, it must appear either that the person sought to be examined failed to give any certificate, or did give a certificate which there is reason to believe is untrue. The affidavit of the sheriff is that the appellant failed to give a certificate to the effect that he did not hold any property belonging to the defendant, or for the benefit of the defendant. That allegation would be true, if the appellant had given a certificate specifying what property he held belonging to the defendant, in which case the plaintiff would only be entitled to an examination of the defendant upon producing proof that there is reason to suspect that the certificate is untrue. If the appellant had refused to give any certificate, the plaintiff was entitled to an order for his examination. The affidavit of the sheriff, however, does not say he refused to give any certificate, but only a certificate to the effect that he did not hold any property of the defendant. This was not sufficient.

For this reason, the order appealed from must be reversed, with $10 costs and disbursements, and the order for the examination of the appellant vacated, with $10 costs, with leave to the plaintiff, upon payment of such costs, to apply for a new order upon proper papers. All concur, except VAN BRUNT, P. J., and O'BRIEN, J., who dissent.